SAMUEL S. LEONARD & another *vs.* JOEL TIDD & another

A creditor who receives in pledge from his debtor the goods of another, supposing them to belong to the debtor, and afterwards permits the debtor to sell and deliver them on the promise of the purchaser to pay the creditor the price thereof towards the discharge of the debt for which they were pledged, does not thereby render himself liable to the true owner of the goods in an action of trover.

TROVER for a gun, alleged to have been converted by the defendants, on the 9th of December 1839.

At the trial in the court of common pleas, it was proved that the gun was the property of the plaintiffs. Evidence was introduced tending to show that Jerry Leonard, a person employed in the plaintiffs' service, was in the habit of using the gun, and that he frequently offered to sell it ; that he was indebted to the defendants, who were partners in trade, and left the gun in their hands, in October 1839, as security for the debt ; that, during the same month, he sold and delivered the gun to Allen Pratt, who has ever since retained the same ; and that the plaintiffs, on the 10th of December 1839, demanded the gun of Tidd, one of the defendants.

The evidence, as to the said sale, tended to prove " that the bargain for the gun was made between said Jerry and Pratt, at the defendants' house ; that Jerry wished Pratt to buy the gun and pay $ 5 for it to the defendants, to which Pratt assented, if the defendants would take him as paymaster for that sum ; that Jerry thereupon asked Clapp, one of the defendants, if he would take Pratt as paymaster for $ 5, towards the sum which Jerry owed the defendants, and for which the gun was pledged to them, and that Clapp agreed so to do ; and that Jerry thereupon took the gun from a room in the defendants' house, and delivered it to Pratt."

The plaintiffs did not rely upon their demand of the gun, to charge the defendants with a conversion, but upon the sale there of made to Pratt. The defendants contended, that if said sale were made by their permission, yet that they could not be charged in trover, inasmuch as the gun was put into their hands by said Jerry, who was in possession thereof, and they supposed it to be his property, and parted with it on the belief that he had a right to dispose of it. But the court ruled otherwise. The defendants' counsel requested the court to instruct the jury, " that if the defendants did nothing towards the sale, except to assent to it so far as to agree to accept, in pay for their claim against Jerry, the sum for which he sold the gun, it would not be a conversion. But the court ruled that it would be a conversion."

The jury found a verdict for the plaintiffs, and the defendants alleged exceptions to the ruling of the court.

*Washburn*, for the defendants.

*Merrick*, for the plaintiffs.

WILDE, J. The only question in this case is, whether the facts proved at the trial do in law constitute a conversion, as charged in the writ. The case is trover for the conversion of a gun, which the defendants admit was the property of the plaintiffs. It was proved that one Jerry Leonard, being indebted to the defendants, delivered the gun to them as security for the debt, and that afterwards the plaintiffs demanded the gun of one of the defendants. But the plaintiffs do not rely on this demand as evidence of a conversion ; as the gun, before the demand, had been

taken away by said Jerry, with the defendants' consent, and had been sold by him to one Pratt. The only evidence, relied on to prove a conversion by the defendants, is the proof that this sale was made with their consent. It was proved that the bargain for the gun was made between the said Jerry and Pratt, and that Pratt agreed to purchase the gun for the sum of five dollars, to be paid to the defendants, if they would consent to take him as paymaster ; to which the defendants assented. There was no proof that the defendants had any knowledge that the gun was the plaintiffs' property, or any reason to suppose that it was not the property of Jerry. But it was ruled by the court that this sale, with the permission of the defendants, would be a con version by them, although they supposed that the gun belonged to Jerry at the time. It is now contended by the plaintiffs' counsel, that the jury had a right to infer from the evidence that the defendants joined in the sale ; but we think no such inference can be made ; and it is not to be supposed that it was made by the jury. For it was ruled by the court, that the assent to the sale by the defendants, and their agreeing to receive the purchase money, would amount to a conversion. The only evidence against the defendants was, that they received the gun as a pledge from Jerry, and afterwards restored it to him and took other security, and that the gun was sold by Jerry.

The receiving of the gun from the person who had the possession, and restoring it to him, under the circumstances proved, cannot be considered as a tortious act, and does not amount to a conversion. We think, therefore, on the evidence reported, this action cannot be maintained.

*New trial ordered.*